**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES ex rel. DONNIE BAKER (#K76218), ) ) ) Petitioner, ) ) v. ) ) BRADLEY J. ROBERT, Warden, ) Centralia Correctional Center, ) ) Respondent. ) | Case No. 11 C 9191 |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Donnie Baker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d).[1] For the following reasons, the Court denies Baker's habeas petition and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**BACKGROUND**

Baker does not present clear and convincing evidence challenging the statement of facts in the last state court decision to address his arguments on the merits, which is the Illinois Appellate Court's opinion on direct appeal, and thus the Court presumes those facts are correct for purposes of its habeas review. *See* 28 U.S.C. § 2254(e)(1); *McCarthy v. Pollard,* 656 F.3d 478, 483 (7th Cir. 2011). The Court therefore adopts the underlying facts as set forth by the Illinois Appellate Court, Third District, in *People v. Baker,* No. 3-09-0420 (3d Dist. Apr. 7,

---

[1] Petitioner's reply brief in support of his petition for writ of habeas corpus was due on or before February 13, 2012. To date, Petitioner has failed to file any such reply.

2011) (unpublished).[2] The Court first turns to a summary of the evidence presented at Baker's bench trial. *See Allen v. Buss,* 558 F.3d 657, 659 (7th Cir. 2009).

I.  **Factual Background**

At the 2009 bench trial in this matter, a police officer testified that a search warrant was issued for Katherine Baker's residence because a man who lived there named "D" sold some crack cocaine to the police. Katherine Baker, Petitioner's grandmother, testified at trial that Donnie Baker lived with her when the police executed the search warrant on October 21, 2008. Donnie Baker's aunt, Carla Sykes, who also lived with Katherine Baker, testified at trial that when the police executed the warrant, she told them that "D" was Donnie and that he kept a box containing some personal items in a closet.

The police officers searched the closet and found a box that contained a Crown Royal liquor bag containing 18 individually wrapped plastic bags that were split between three larger plastic bags. The bags contained a total of 2.3 grams of crack cocaine. Meanwhile, when Donnie Baker returned to his grandmother's home that day, the police arrested him. At that time, Donnie Baker admitted to the police that the crack cocaine was his, but that he was an addict and it was for his personal use. He further told the police that he had bought the crack earlier that day and had smoked the contents of four smaller bags. Also, he told the police that he did not have a crack pipe because he used other people's pipes and did not like to keep a pipe

---

[2] Because Petitioner was convicted and sentenced in the Circuit Court of Kankakee County, venue is proper in the Central District of Illinois. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (proper venue for habeas petition is in district where habeas petitioner was convicted or sentenced); *see also* 28 U.S.C. § 2241(d); 28 U.S.C. § 93(b). Respondent, however, did not challenge venue, and thus it is waived. *See* Fed.R.Civ.P. 12(h)(1); *Harris v. Warden* 425 F.3d 386, 388 (7th Cir. 2005).

on him.

Also at trial, Kankakee police officer Christopher Kidwell testified that in his 20 years of experience as a police officer, he had been involved in hundreds of narcotic-based arrests. Officer Kidwell stated that the manner in which the crack cocaine was package indicated preparation for sale. Further, Officer Kidwell testified that in his experience, he has never encountered a crack cocaine user with more than two or three bags in his possession. He admitted, however, that he was aware of cases in which undercover police officers have purchased more than two or three bags of crack cocaine at a time. Nonetheless, Officer Kidwell testified that it was not typical for crack cocaine users to store drugs because the urge was too strong to use the crack cocaine.

At the close of the bench trial, the Circuit Court of Kankakee County – finding Officer Kidwell a credible witness – concluded that the manner in which the police found the crack cocaine indicated that Baker intended to sell it. The Circuit Court then concluded that Baker was guilty of unlawful possession of a controlled substance with the intent to deliver while within 1,000 feet of senior citizen housing and sentenced Baker to fifteen years imprisonment.

**II.     Procedural Background**

On appeal to the Illinois Appellate Court, Baker argued that the State failed to prove beyond a reasonable doubt that he was guilty of unlawful possession of a controlled substance with the intent to deliver. The Illinois Appellate Court, Third District, rejected his claim on April 7, 2011. Baker then filed a petition for leave to appeal ("PLA") to the Supreme Court of Illinois arguing that the State failed to prove beyond a reasonable doubt that he was guilty of unlawful possession of a controlled substance with the intent to deliver. The Supreme Court of

3

Illinois denied his PLA on September 28, 2011.

**III.     Habeas Petition**

On December 27, 2011, Baker filed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). Construing Baker's pro se habeas petition liberally, *see Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011), he argues that the State failed to prove beyond a reasonable doubt that he was guilty of unlawful possession of a controlled substance with the intent to deliver.

## LEGAL STANDARD

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief cannot be granted unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Jones v. Basinger,* 635 F.3d 1030, 1040 (7th Cir. 2011). In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405.

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably

4

applied the controlling law to the facts of the case. *See Williams,* 529 U.S. at 407. "A state court's decision is 'unreasonable' within the meaning of § 2254(d)(1) only if it is 'so erroneous as to be objectively unreasonable.'" *Bennett v. Gaetz,* 592 F.3d 786, 790 (7th Cir. 2010) (citation omitted); *see also Wood v. Allen,* ___ U.S. ___, 130 S.Ct. 841, 849, 175 L.Ed.2d 738 (2010) (state court's factual finding not unreasonable "merely because the federal habeas court would have reached a different conclusion in the first instance."); *Williams*, 529 U.S. at 410 ("*unreasonable* application of federal law is different from an *incorrect* application of federal law") (emphasis in original). To be considered objectively unreasonable, a state court's decision must be "well outside the boundaries of permissible differences of opinion." *Sussman v. Jenkins,* 636 F.3d 329, 361 (7th Cir. 2011) (citation omitted). Put differently, to be reasonable, a state court's decision must be "at least minimally consistent with the facts and circumstances" of the case. *See Williams v. Thurmer,* 561 F.3d 740, 746 (7th Cir. 2009) (citation omitted).

## ANALYSIS

**I.  Habeas Claim**

Baker's sole habeas claim is that the State failed to prove beyond a reasonable doubt that he was guilty of unlawful possession of a controlled substance with the intent to deliver. The clearly established Supreme Court law that applies to Baker's habeas claim is set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brown v. Finnan,* 598 F.3d 416, 421 (7th Cir. 2010) ("'[c]learly established federal law' means 'the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision.'") (quoting *Lockyer v. Andrade,* 538 U.S. 63, 71-72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). The Supreme Court's decision in *Jackson* holds that a defendant's Fifth and Fourteenth

5

Amendment due process rights are satisfied if – when viewing the evidence in the light most favorable to the prosecution – "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original); *United States v. Harris,* 585 F.3d 394, 402 (7th Cir. 2009) ("challenge to the sufficiency of the evidence is reviewed under an extremely deferential standard"). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319.

In rejecting Baker's sufficiency of the evidence claim, the Illinois Appellate Court identified the correct legal standard under *Jackson*, namely, that "the reviewing court views the evidence in a light most favorable to the prosecution and must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Collins* 106 Ill.2d 237, 261, 87 Ill.Dec. 910, 478 N.E.2d 267 (Ill. 1985) (citing *Jackson v. Virginia* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979)). The Illinois Appellate Court further reasoned that:

> As charged in this case, the State was required to prove, *inter alia*, that [Baker] intended to deliver the crack cocaine. Intent is typically proved through circumstantial evidence. Factors that can be indicative of intent to deliver include whether the amount of narcotics is too large to be consistent with personal use; the possession of drug paraphernalia, police scanners, weapons, scales, cellular phones, or large amounts of cash; and the manner in which the narcotics are packaged.
>
> While the amount of crack cocaine seized in this case is not by itself inconsistent with personal use, our review of the record reveals no error in the circuit court's finding of intent to deliver. An officer testified that a man named "D" from the residence sold crack cocaine to a police officer. Sykes identified "D" as [Donnie Baker]. The crack cocaine that [Baker] admitted was his was packaged in 18 small plastic bags, which were split between three larger bags.

6

> Kidwell testified that in his experience, the manner of this packaging indicated preparation for sale, and the storage of such an amount by a user was not typical. The court found Kidwell's testimony credible and implicitly rejected [Baker]'s claim that the crack cocaine was for personal use, and we find no reason to disturb those credibility assessments. The fact that no other materials were found that could potentially be indicative of intent to deliver does not render the court's finding of intent erroneous. Viewing the evidence in the light most favorable to the State, we hold that a rational trier of fact could have found intent to deliver proved beyond a reasonable doubt.

*People v. Baker,* No. 3-09-0420, at 3-4 (3d Dist. Apr. 7, 2011) (unpublished) (internal citations omitted).

Applying the appropriate legal rule under *Jackson*, the Illinois Appellate Court's decision was not "well outside the boundaries of permissible differences of opinion," *see Sussman,* 636 F.3d at 361, and thus was a reasonable application of Supreme Court law. In particular, the Illinois Appellate Court focused on the element of intent to deliver when analyzing the evidence underlying the Circuit Court's decision, including Officer Kidwell's testimony based on his years of experience in narcotics-based arrests. The appellate court recognized the trial court's credibility determination concerning Officer Kidwell and his testimony that the manner in which the narcotics were packaged indicated that Baker had the intent to sell the crack cocaine. Further, there was evidence in the record that Donnie Baker or "D" had sold crack cocaine to an undercover police officer. The Illinois Appellate Court, viewing the trial evidence in a light most favorable to the prosecution, then concluded that a rational fact finder could have found intent to deliver beyond a reasonable doubt. This conclusion is consistent with the facts and circumstances of this case. *See Williams,* 561 F.3d at 746. Accordingly, the Illinois Appellate Court's decision did not amount to an unreasonable application of *Jackson*. The Court therefore denies Baker's habeas claim.

**II.     Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Baker a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Lavin v. Rednour,* 641 F.3d 830, 832 (7th Cir. 2011). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *Narvaez v. United States,* 641 F.3d 877, 881 (7th Cir. 2011); 28 U.S.C. § 2253(c)(2).

Under this standard, Baker must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Here, jurists of reason would not debate the Court's conclusion that the Illinois Appellate Court reasonably applied the sufficiency of the evidence standard under *Jackson* based on the appellate court's analysis of the trial evidence and deference to the trial judge's credibility determinations. Therefore, the Court declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court denies Baker's petition for a writ of habeas corpus and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2254(d).

**Dated:** February 24, 2012

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Judge**